IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATALIA DENISOVA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:23-cv-01902-MRH |
| | ) | |
| ALEJANDRO MAYORKAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## OPINION

**Mark R. Hornak, Chief United States District Judge**

Plaintiffs Natalia Denisova, a United States citizen, and Oleg Denisov, her father and a Russian national, brought this action against Defendants (1) Alejandro Mayorkas, the Secretary of the United States Department of Homeland Security ("DHS"), (2) Antony Blinken, the United States Secretary of State, (3) the United States Consulate in Almaty, Kazakhstan, and (4) Michelle Yerkin, the United States Consul at the Almaty consulate, seeking relief in the form of this Court's issuance of a writ of mandamus to compel a final decision on Mr. Denisov's application for an immigrant visa. (ECF No. 1). Defendants have moved to dismiss the action in full and with prejudice, arguing both that the case is barred as a matter of law for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and that Plaintiffs fail to state a claim as to each of their claims for relief under Fed. R. Civ. P. 12(b)(6). (ECF No. 11, 12). For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

**FACTUAL BACKGROUND**

Natalia Denisova, a U.S. citizen, filed a family-based visa petition application with USCIS on behalf of both of her parents on July 20, 2022. USCIS approved both petitions on August 1, 2022, but did not issue any visas at that time. On March 23, 2023, a visa was issued for Denisova's mother, Irina Denisova. No visa was issued for her father, Oleg Denisov.

Mr. Denisov subsequently appeared for a scheduled interview at the U.S. Consulate in Almaty, Kazakhstan on May 23, 2023. The consular officer denied Mr. Denisov's application following his interview. Shortly thereafter, the consulate requested more documentation from Mr. Denisov. Mr. Denisov submitted the documents on June 9, 2023. Following the submission of those documents, Plaintiffs claim that there have been no further developments as to the issuance of Mr. Denisov's visa, despite his repeated attempts to contact the Embassy as to the status of the visa. On September 26, 2023, the Almaty Consulate responded to one of Mr. Denisov's emails by stating that his application was "still going through administrative processing."

Mr. Denisov and Ms. Denisova filed this action in federal court alleging three claims against the Consulate as well as the Consul General for the Almaty Consulate, the U.S. Secretary of State, and the Secretary of the Department of Homeland Security. Plaintiffs claim that the "administrative agency" (here, the Department of State) has acted unlawfully in unreasonably delaying a final decision on Mr. Denisov's visa application, arbitrarily and capriciously refusing to adjudicate the visa application, and violating Mr. Denisov and Ms. Denisova's substantive and procedural due process rights. Defendants have moved to dismiss the action. (ECF No. 11).

**DISCUSSION**

I.      **This Court has jurisdiction over Plaintiffs' claims under the Administrative Procedure Act ("APA").**

Under Fed. R. Civ. P. 12(b)(1), a court is required to dismiss an action if it lacks subject matter jurisdiction to hear the claims before it. *See Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("At issue in a factual 12(b)(1) motion is the trial court's… very power to hear the case."). Where a motion is brought under Rule 12(b)(1), the Plaintiff, as the party asserting federal jurisdiction, has the burden of persuasion. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). "Furthermore, the district court may not presume the truthfulness of plaintiff's allegations, but rather must evaluate for itself the merit of the jurisdictional claims." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)) (internal quotations omitted).

Plaintiffs claim federal question jurisdiction pursuant to 28 U.S.C. § 1331, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA"). While the APA does not provide an independent basis for subject matter jurisdiction, federal courts can entertain challenges to certain agency action via § 1331, which provides federal jurisdiction over any action brought against any officer of the United States in his official capacity. *Califano v. Sanders*, 430 U.S. 99, 105 (1977).

Pursuant to APA § 706(1), a plaintiff may bring a claim seeking to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The Third Circuit has been clear, however, that the ability of courts to compel agency action is "carefully circumscribed to situations where an agency has ignored a specific legislative command." *Massie v. United States Dep't of Housing and Urban Development*, 620 F.3d 340, 347 (3d Cir. 2010) (quoting *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010) (internal quotations

omitted)); *see also Saavedra Estrada v. Mayorkas*, No. 23-2110, 2023 WL 9086897, at \*7 (E.D. Pa. Nov. 21, 2023) (for courts to have jurisdiction under § 706(1), "a plaintiff must show that the agency has a nondiscretionary duty to act.").

While the Department of State has discretion with respect to whether to grant or deny a visa application, it has a nondiscretionary duty to decide the application. 5 U.S.C. § 555(b) (compelling agencies "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time… [to] conclude a matter presented to it."). As a result, while the ultimate decision whether to grant the visa is discretionary, "numerous courts have found that immigration authorities have a non-discretionary duty to adjudicate applications." *Ahmed v. Holder*, 12 F. Supp. 3d 747, 753 (E.D. Pa. 2014) (quoting *Hoo Loo v. Ridge*, No. 04-5553, 2007 WL 813000, at \*3 (E.D.N.Y. Mar. 14, 2007). And while the statute and regulations governing visa applications do not provide a time frame within which the agency must adjudicate applications, "the government does not have limitless discretion concerning the timing of processing applications." *Id.* at 754. Thus, federal courts have "jurisdiction over [Plaintiffs'] claims seeking to compel agency action." *Id.*; *see also Saavedra*, 2023 WL 8096897 at \*7 (finding that the Court had jurisdiction to hear a case involving unreasonably delayed agency action).[1]

---

[1] While the INA contains a jurisdiction-stripping provision divesting the courts of jurisdiction over immigration suits concerning decisions committed to agency discretion, 8 U.S.C. § 1252(a)(2)(B)(ii), the "overwhelming majority of district courts," *Ahmed*, 12 F. Supp. 3d at 755, have determined that this section only applies to a narrow category of decisions "where Congress has taken the additional step to specify that the sole authority for the action is in the Attorney General's discretion." *Alaka v. Attorney General*, 456 F.3d 88, 95 (3d Cir. 2006). In the instant case, "neither the discretionary authority to determine the pace of application processing nor the discretionary authority to withhold adjustment applications" has been so specified. *Ahmed*, 12 F. Supp. 3d at 756 (citing *Duan v. Zamberry*, No. 06-1351, 2007 WL 626116, at \*2 (W.D. Pa. Feb. 23, 2007). As such, "jurisdiction over a claim that adjudication has been unreasonably delayed is not barred by the INA's jurisdiction-stripping provision, and [district courts] retain[] jurisdiction over… claim[s] that USCIS has unreasonably delayed the adjudication of [an] application." *Ahmed*, 12 F. Supp. 3d at 756.

Defendants argue that the Court lacks jurisdiction over Plaintiffs' APA claims because the applicable statute does not allow courts to compel an agency to act where the action at issue is discretionary. In so doing, Defendants construe Plaintiffs as challenging the *outcome* of Mr. Denisov's visa application, not the allegedly unreasonable delay of agency action on the petition. This is because, Defendants argue, Mr. Denisov's application is not currently under review as it was rejected at his interview in May of 2023. If Plaintiffs were challenging the consular officer's decision to refuse the visa, that decision would be unreviewable as "committed to agency discretion" and therefore not subject to review under the APA. *United States ex rel. Vaso v. Chertoff*, 369 Fed. App'x 395, 400 (3d Cir. 2010) (also known as the doctrine of consular non-reviewability). But Plaintiffs do not seek relief from the outcome of Mr. Denisov's visa application; instead, they challenge the delay in the petition's adjudication. And as previously discussed, an unreasonable delay of mandatory agency action is a reviewable claim.

The Court thus concludes that it retains jurisdiction over Plaintiffs' claim of unreasonably delayed agency action. This conclusion has no bearing on whether Plaintiffs succeed in stating a claim as to the unreasonableness of the claimed delay, but the Court concludes it has the power to hear and decide the question of reasonableness as to timing. In this specific respect, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is denied.

**II.     The consular officer's refusal to issue the visa rendered this action moot.**

While this Court does have jurisdiction over Plaintiffs' APA claims, the Court nevertheless lacks jurisdiction over this particular action as there exists no live case or controversy affecting the parties before the Court because the case was mooted by the consular officer's denial of Mr. Denisov's visa application in May of 2023.

5

"A federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)) (internal quotations omitted). As such, "a case becomes moot, and a federal court is deprived of jurisdiction to hear that case, when there is no longer a live case or controversy between the litigants." *Zuch v. Commissioner of Internal Revenue*, 97 F.4th 81, 93 (3d Cir. 2024). Here, Plaintiff claims that there exists a live controversy because, even though the consular officer refused Mr. Denisov's visa application at his May 23, 2023 interview, that refusal constituted a mere step in the petition's adjudication because it was followed by a request for more information. But as Defendants argue, and this Court concludes, that refusal constituted a final agency action that renders this action moot.

In *Elhabash v. United States Department of State*, the District of New Jersey found dispositive the fact that the consular officer in that case had informed the plaintiff that his visa application had been refused. No. 09-5847, 2010 WL 1742116, at *3 (D.N.J. Apr. 27, 2010). The court held that, even though the application had been refused because it required further administrative processing and the refusal could be overcome after such proceeding was complete, it was "without jurisdiction to hear the case because the Embassy has denied [the plaintiff's] visa application pursuant to INA § 221(g)" and "Plaintiff's only recourse is to await the reconsideration of his application by the Embassy after the administrative processing is complete." *Id.*; *see also Iredia v. Fitzgerald*, No. 10-228, 2010 WL 2994215, at *3 (E.D. Pa. July 27, 2010). [2]

---

[2] The Districts of New Jersey and the Eastern District of Pennsylvania are not alone in having concluded that the denial of a visa petition constitutes a final agency action depriving a federal court of its jurisdiction. *See also Mufti v. Lynch*, 190 F. Supp. 3d 827, 833 (N.D. Ind. 2016); *OC Modeling, LLC v. Pompeo*, No. 20-1687, 2020 WL 7263278, at *4 (C.D. Cal. Oct. 7, 2020); *Alkady v. Luna*, No. 1:18-cv-1, 2019 WL 984233, at *4 (N.D. Ind. Feb. 28, 2019); *Martinez v. Mayorkas*, No. 1:13-cv-485, 2014 WL 4908447, at *3 (S.D. Oh. Sept. 30, 2014) (collecting cases); *Lihua Jiang v. Clinton*, No. 08-cv-4477, 2011 WL 5983353, at *3 (E.D.N.Y. Nov. 28, 2011); *Hong Lin Zhou v. Chertoff*, No. 08-04523, 2009 WL 2246231, at *2 (N.D. Cal. July 24, 2009) (holding that the ongoing reconsideration process

The facts of this case directly mirror those present in *Elhabash*. Here, Mr. Denisov's visa application was refused at his interview at the Almaty consulate on May 23, 2023, thus mooting the case. And while that refusal was followed by a request for further information, that request simply commenced the reconsideration process, as opposed to continuing the prior application period. As have the other courts that have considered this question, the Court concludes that the consular officer's action in refusing Mr. Denisov's application constituted a final agency decision such that the issue has been rendered moot such that the Court has no jurisdiction over the action. The Complaint must therefore be dismissed.

III.    **The Complaint fails to state a claim under either the APA or the due process clause of the United States Constitution.**

Even if this action was not mooted by the consular officer's decision, Plaintiffs fail to state a claim as to any of their three Claims such that the action must be dismissed under Fed. R. Civ. P. 12(b)(6).

In reviewing a Motion to Dismiss under Rule 12(b)(6), the Court conducts a two-part analysis: first, the Court separates the factual and legal elements of a claim, disregarding any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Then, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). However, the Court need not accept as true any unsupported conclusions or inferences nor "threadbare recitals of elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, a plaintiff's factual

---

did not vitiate the mootness issue); *Svensborn v. Keisler*, No. 07-4003, 2007 WL 3342751, at *3 (N.D. Cal. Nov. 7, 2007).

allegations must "raise a right to relief above the speculative level" and state a "plausible claim for relief" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Even accepting as true all factual allegations contained in the Complaint, and construing those facts in the light most favorable to the Plaintiffs, the Court concludes that Plaintiffs fail to state a claim as to each of the three Claims of the Complaint.

### A.  Plaintiffs fail to state a claim of unreasonable delay under the APA.

In order for a viable claim of unreasonable delay to lie with respect to an immigration case, a plaintiff must demonstrate that the length of the delay in an agency decision on her immigration status is unreasonable. Congress need not have set a definitive deadline for an agency to act in order for a court to find a delay in agency action unreasonable. *Pub. Citizen Health Research Grp. V. Chao*, 314 F.3d 143, 152 (3d Cir. 2002) (compelling agency to proceed with rulemaking although enabling legislation set no specific deadline to do so). So, while the statute and regulations governing immigrant visa applications do not provide for a specific time frame within which the agencies must adjudicate such applications, the government does not have limitless discretion concerning the timing of processing of applications. *Ahmed*, 12 F. Supp. 3d at 754; *see also Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004) ("CIS simply does not possess unfettered discretion to relegate aliens to a state of 'limbo'… This result is explicitly foreclosed by the APA."). As a result, "the APA requires that applications be processed in a reasonable time." *Ahmed*, 12 F. Supp. 3d at 754 (citing 5 U.S.C. § 555(b)); *see also Han Cao v. Upchurch*, 496 F.2d 569, 576 (E.D. Pa. 2007) ("We agree with the majority view that USCIS has a non-discretionary duty to adjudicate [an] application").

The Court must determine, then, whether the five-month delay[3] alleged here is unreasonable. "The reasonableness of a delay in the context of an immigration application is a fact-dependent inquiry." *Ahmed*, 12 F. Supp. 3d at 759. In the Third Circuit, courts are to look to the factors articulated in *Oil, Chemical & Atomic Workers Union v. Occupational Safety & Health Admin. ("OCAWU")* to determine the reasonableness of an agency delay.[4] Those factors are (1) the length of time that has elapsed since the agency had a duty to act; (2) the reasonableness of the delay in context of the statute authorizing the agency's action; (3) the consequences of the delay; and (4) any plea of administrative error, inconvenience, practical difficulty, or need to prioritize in the fact of limited resources. *OCAWU*, 145 F.3d at 123.

The Court concludes that, applying those factors to the facts of this case, the delay alleged is not unreasonable as a matter of law. First, only five months had elapsed between the denial of Mr. Denisov's visa application and the filing of the complaint, and less than a year has elapsed as of the day of this Order. While the issue of reasonableness "cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful," *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003), courts considering factually similar cases have found far longer delays to be reasonable.

---

[3] The period of time between May 23, 2023, when Mr. Denisov's visa application was denied by the consular officer in Almaty, and November 2, 2023, when the Complaint was filed, is just over five months. As of the date of this Order, it has been nearly one year since the denial of Mr. Denisov's application.

[4] Several circuits instead consider the six factors set forth in *Telecommunications Research and Action Center v. FCC ("TRAC")*, 750 F.2d 70 (D.C. Cir. 1984). Those factors are 1) that the time agencies take to make decisions must be governed by a rule of reason; 2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; 3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; 4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; 5) the court should take into account the nature and extent of the interests prejudiced by delay; and 6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. *Id.* at 80. "While *TRAC* is persuasive, the Third Circuit articulated its own set of factors regarding reasonableness under the APA in [*OCAWU*]." *Daraji v. Monica*, No. 07-1749, 2008 WL 183643, at *5 (E.D. Pa. Jan. 18, 2008). So, while Plaintiffs apply the *TRAC* factors to the facts of this case in their response brief, while instructive, those factors are not controlling in this circuit.

*See Arab v. Blinken*, 600 F. Supp. 3d 59, 69 (D.C. Cir. 2022) (holding that a 30-month delay in adjudicating a visa application was not unreasonable); *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 95 (D.C. Cir. 2020) (holding that a 25-month delay in adjudicating an application for a waiver of a ban precluding Iranian nationals from entering the United States was not unreasonable). And within our Circuit, courts have found delays to be sufficiently unreasonable such that such a claim may survive a motion to dismiss only where the delay in agency action was far longer than the delay here. *See Ahmed*, 12 Supp. 3d at 760 (holding that a delay of more that six years was unreasonable); *Han Cao*, 496 F. Supp. 2d at 577 (holding that a delay of over four years was presumptively unreasonable); *Saavedra*, 2023 WL 8096897, at *7 (holding that a delay of twenty months was not an inherent reason for dismissal upon a motion to dismiss). Taking into consideration the lengths of time that others seeking immigrant visas have been required to wait for a final decision, despite how long it must feel to the Denisov family, the delay alleged here strikes the Court as relatively short in the grand scheme of immigration proceedings in this country.

Second, with respect to the reasonableness of the delay in the context of the authorizing statute, both parties agree that no statute exists providing a specified time frame within which a visa application must be adjudicated. In the absence of a statutory or regulatory timeline, this factor weighs in favor of neither party.

Third, the consequences of the delay Plaintiffs allege—that the delay "has caused inordinate and unfair amount of stress, expense and hassle for Plaintiff," (ECF No. 1, at ¶ 21), and "has irrevocably harmed Plaintiff by causing a loss of consortium between Plaintiff Natalia Denisova and Oleg Denisov," (*id.* at ¶ 38)—are, unfortunately, the same consequences faced by nearly every family facing family separation. Furthermore, while the Court recognizes the difficulty of being far from a loved one experiencing problems with his health, Plaintiffs do not

10

allege that Mr. Denisov's ongoing medical conditions—which Plaintiffs mention for the first time in their response brief—have been left untreated while he awaits a final decision on his visa application; instead, Plaintiffs state that Mr. Denisov requires "physical and emotional support" from his family while undergoing medical treatment. (ECF No. 15, at 12-13). The Court therefore cannot conclude that the alleged consequences of the delay have so prejudiced the Plaintiffs as to make the delay unreasonable.

Finally, the Court must recognize, as Defendants argue, that the Denisovs are one of a vast number of families seeking a change in immigration status of a loved one. Were the Court to find the alleged delay unreasonable, such a finding could result in Mr. Denisov being moved up the line in front of hundreds of families that have been waiting far longer. And where "the agency action sought is one of many similar adjudications that the agency must complete, the court should be even more cautious before intervening." *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153 (D.C. Cir. 2017). Plaintiffs have failed to allege facts demonstrating how their circumstances are so unique and distinct from those of other families seeking immigrant visas such that the delay they have thus far experienced should be considered unreasonable.

Considering each of the *OCAWU* factors individually and in combination, the Court concludes that the alleged five- or nine-month delay is not unreasonable as a matter of law. As such, Claim I of the Complaint for unreasonably delayed agency action is dismissed.

**B. Plaintiffs fail to state a claim of arbitrary and capricious agency action under the APA.**

In order for a claim of arbitrary and capricious agency action to lie, a plaintiff must state a claim that includes some final agency action. This is because, "unless a statute provides otherwise, only a final decision of [an] agency is subject to review under the APA." *Calio v. Pa. Dept. of Transp.*, 101 F. Supp. 325, 329 (E.D. Pa. 2000) (citing 5 U.S.C. § 704); *Kelerchian v. Bureau of*

*Alcohol, Tobacco, Firearms & Explosives*, 655 F. Supp. 3d 334, 349 n.7 (E.D. Pa. 2023) ("final agency actions may be reviewed, deemed unlawful, and set aside if they are arbitrary and capricious.") (citing 5 U.S.C. § 706).

Here, Plaintiffs fail to state a claim of arbitrary and capricious agency action because, as they style the Complaint, there has been no final decision on Mr. Denisov's visa application, and thus no final agency decision has occurred. In mounting a claim of unreasonable delay, Plaintiffs challenge the length of time that it has thus far taken to process Mr. Denisov's application. But administrative processing of a visa application is not a final agency decision. In fact, if would be impossible for Plaintiffs to allege arbitrary and capricious agency action, since the claim they mount is of agency *non*-action, or the failure to act in adjudicating the visa.

To be clear, the Court's conclusion that Plaintiffs fail to state a claim of arbitrary and capricious action is not in tension with its prior conclusion that a final agency action (denial of the visa application at issue) has mooted the case entirely. While, factually, this case has been rendered moot by the consular officer's decision to deny Mr. Denisov's visa application, such does not change that what Plaintiffs have pled here is that an *unreasonable delay* in agency action constitutes arbitrary and capricious agency action. Plaintiffs do not seek the Court's review of the merits of the consular officer's decision, nor of any other agency decision with respect to Mr. Denisov's visa application; instead, their issue is with the alleged delay in any action at all. Thus, while a final agency action has occurred in this case, that action is not the subject of Claim II of the Complaint. Instead, the subject of that Claim is the alleged delay, which is not in itself a final agency action.

Plaintiffs' arbitrary and capricious claim fails as a matter of law. Claim II of the Complaint for arbitrary and capricious agency action is therefore dismissed.

**C. Plaintiffs fail to state a claim of any procedural or substantive due process violation.**

Finally, in order for a due process claim to lie, "a cognizable liberty or property interest must exist in the first instance." *Mudric v. Att'y Gen.*, 469 F.3d 94, 98 (3d Cir. 2006). It is at this initial stage that the claim fails, because Plaintiffs fail to identify a cognizable property interest.

The claimed property interest at issue here is Mr. Denisov's interest in an immigrant visa. For there to be a property interest in an immigration benefit, "a person clearly must have more than an abstract need or desire for it… he must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). That is, those seeking immigration benefits "only have those statutory rights granted by Congress." *Marincas v. Lewis*, 92 F.3d 195, 203 (3d Cir. 1996). As a result, while an individual may be eligible for an immigrant visa under the immigration laws, "he is not entitled to such benefits as a constitutional matter." *Mudric*, 469 F.3d at 98.

Plaintiffs cannot mount a due process claim because no constitutional injury could have occurred from the delay in processing Mr. Denisov's visa, as he had no due process entitlement to the visa—the granting or not granting of which is within the discretion of the relevant officials of the United States government—in the first place. And, because a liberty or property interest must exist for a procedural due process claim to lie, Plaintiffs also fail to allege a procedural due process violation. Plaintiffs' due process claims thus fail as a matter of law, and Claim III of the Complaint alleging due process violations is therefore dismissed.

### CONCLUSION

For the reasons set out above, Defendants' Motion to Dismiss (ECF No. 11) is GRANTED because Plaintiffs' claims have been rendered moot by the denial of Mr. Denisov's visa application, thus divesting this Court's jurisdiction over the action, and because Plaintiffs fail to

state a claim as to any of the Complaint's three Claims. This dismissal is WITHOUT PREJUDICE

for want of jurisdiction. To the extent that the Court does have jurisdiction, the claims asserted fail

for the reasons noted, and such dismissal would be with prejudice as amendment would be futile.

 An appropriate Order will issue.

<br>

          s/ Mark R. Hornak
          Mark R. Hornak
          Chief United States District Judge

Dated:  May 8, 2024